UNITED STATES DISTRICT COURT FOR
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
TIFFANY BECHTOLD and
DANIEL BECHTOLD,

                    Plaintiff,                **COMPLAINT**
     v.                                                Case No.:

UNITED STATES OF AMERICA

                    Defendant.
---------------------------------------------------------------

      Plaintiffs, Tiffany Bechtold and Daniel Bechtold (hereinafter "Bechtold" or "Plaintiffs"), for their Complaint against Defendant United States of America (hereinafter "Defendant" or "USA"), state and allege as follows:

      1.     This is an action pursuant to 28 U.S.C.A. § 2409a to quiet title to and establish rights and obligations over an easement on certain real property located within this judicial district in Schuyler County, State of New York.

### PARTIES

      2.     Plaintiffs are the owners of real property located at 4404 County Road 4, Burdett, NY 14818; Town of Hector Tax Map Number 33.00-3-30 (hereinafter "Plaintiffs' Property").

      3.     Defendant is the record owner of property located to the east of Plaintiffs' Property, known as 00 County Road 4, Burdett, NY 14818, Town of Hector Tax Map No.: 33.0-3-31 (hereinafter "Defendant's Property").

SHARON M. SULIMOWICZ
ATTORNEY AT LAW
118 NORTH TIOGA ST.
SUITE 202
ITHACA, NEW YORK 14850
(607) 256-0727

## JURISDICTION AND VENUE

4. Defendant United States of America has consented to be sued in civil actions to adjudicate disputes regarding title to real property in which the United States claims an interest pursuant to 28 U.S.C.A. § 2409a(a).

5. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.A. § 1346(f).

6. Venue is appropriate and proper in the Federal District Court for the Western District of New York pursuant to 28 U.S.C. § 1391(b)(2) and (3).

7. Plaintiffs and Defendant share a common source deed which contained both parcels from William A. Shaffer, Jr. to Melvin and Emma Miller, recorded in the Schuyler County clerk's office on April 16, 1953, in Liber 104 of Deeds at Page 80.

8. Miller thereafter divided the land and sold a portion to Plaintiffs' predecessor in title and then sold a portion to Defendant's predecessor in title.

9. Plaintiffs' chain of title then runs as follows:

   a. Miller to May in a deed recorded on December 22, 1970, in Liber 152 of Deeds at Page 1089.

   b. May to Janowitz in a deed recorded on September 21, 2013, in Liber 372 of Deeds at Page 459.

   c. Janowitz to Holpp in a deed recorded on March 4, 2021, in Liber 405 of Deeds at Page 127.

   d. Holp to Plaintiffs in a deed recorded on June 21, 2022, in Liber 414 of Deeds at Page 16.

SHARON M. SULIMOWICZ
ATTORNEY AT LAW
118 NORTH TIOGA ST.
SUITE 202
ITHACA, NEW YORK 14850
(607) 256-0727

e. A copy of the aforementioned deeds is attached hereto as **Exhibit "A."**

10. Defendant's chain of title also began with the deed from William A. Shaffer, Jr. to Melvin and Emma Miller, recorded in the Schuyler County clerk's office on April 16, 1953, in Liber 104 of Deeds at Page 80.

11. Defendant's chain of title then runs as follows:

   a. Miller to Peter and Frances Rainsford, etc. in a deed recorded on December 20, 1971, in Liber 154 of Deeds at Page 1010.

   b. Rainsford to Wilhelm G. Hansen in a deed recorded on August 19, 1974, in Liber 172 of Deeds at Page 100.

   c. Upon information and belief, the property went into tax foreclosure and a tax deed was conveyed to Schuyler County and recorded on August 4, 1992, in Liber 293 of Deeds at page 85. Thereafter, on September 29, 1992, Hanson executed a deed conveying the property to The Trust for Public Land. Subsequently, Schuyler County conveyed the Property to The Trust for Public Land by deed recorded on January 22, 1993, in Liber 294 of Deeds at page 677. The aforementioned deed from Hansen was recorded on February 3, 1993, in Liber 295 of Deeds at page 240.

   d. The Trust for the Public Land then conveyed the Property to Defendant by deed recorded on April 21, 1994, in Liber 299 of Deeds at Page 559.

   e. A copy of the aforementioned deeds is attached hereto as **Exhibit "B."**

12. Plaintiffs' ownership is subject to an easement which was originally created in 1970 when Miller conveyed to May, which provides as follows: "EXCEPTING AND

SHARON M. SULIMOWICZ
ATTORNEY AT LAW
118 NORTH TIOGA ST.
SUITE 202
ITHACA, NEW YORK 14850
(607) 256-0727

RESERVING FOREVER, a permanent easement and right-of-way in common with the party of the second part *over the existing driveway* running from the Logan Road to the land of the parties of the first part." (emphasis supplied).

13. Upon information and belief, sometime between 1970 and 1974, Logan Road as identified in the 1970 easement was relocated westerly approximately 27 feet and what had previously been Logan Road was then owned by Francis G. & Velma D. Sherman.

14. As a result, on the same day that Rainsford conveyed Defendant's Property to Hansen (177/100), Sherman conveyed to Hanson an easement twenty seven (27) feet in length across their property as recorded on August 19, 1974, in Liber 172 of Deeds at Page 104. and which provides as follows:

> the right to use the driveway hereinafter described for all of the purposes of ingress and egress over the same to and from Logan Road. The said right of way is more particularly shown on a sketch attached hereto entitled "Sketch of May and Sherman property on Logan Road, Town of Hector" dated June 21, 1974, prepared by Milton A. Greene, licensed surveyor, the said right of way running from the old Logan Road as previously constituted, westerly to the new Logan Road with the portion over the said Sherman property measuring approximately 27 feet measured easterly and westerly.

15. Defendant also has a right of way easement one and one-half rods (approx.. 25 feet) wide along its northerly boundary to Logan Road.

16. Upon information and belief, the northerly easement is straight and is approximately 2-3 times wider than the driveway across Plaintiffs' Property and runs .

17. In or about late 2024, a representative of Defendant contacted Plaintiffs and advised them that Defendants had an easement across Plaintiffs' Property and planned to

SHARON M. SULIMOWICZ
ATTORNEY AT LAW
118 NORTH TIOGA ST.
SUITE 202
ITHACA, NEW YORK 14850
(607) 256-0727

4

conduct logging of its' parcel requiring the use of large vehicles and equipment on and across Plaintiffs' Property.

18. Plaintiffs were unaware of the easement as it was not identified in their deed or in their immediate chain of title due to, upon information and belief, a scrivener's error in prior deeds.

19. Plaintiffs advised a representative of Defendant that the use of the "existing" driveway as identified in the easement across Plaintiffs' Property by large trucks and equipment would exceed the current width of the driveway and would create a dangerous condition and cause significant damage to their property. Plaintiffs also referred to case authority supportive of their position.

20. In response, a representative of Defendant stated that it "was not asking to widen the easements to allow logging trucks to pass" and that the case authority cited by Plaintiffs held that "reasonable use of the easements includes use by logging trucks, provided the logging trucks will fit within the width of the easement. She further stated that the "easement over the Bechtold portion does not specify a width limitation, and the 27-foot width of the easement over the Sherman portion allows logging trucks to fit. Therefore, reasonable use of the easements owned by the US includes ingress & egress by logging trucks."

21. Defendant's response is in error in two (2) respects: First, the easement specified that it was over the existing driveway, thereby limiting its width and location. Second, Defendant's representative mis-stated the width of the Sherman easement as being 27 feet wide, when in fact, it was 27 feet long

SHARON M. SULIMOWICZ
ATTORNEY AT LAW
118 NORTH TIOGA ST.
SUITE 202
ITHACA, NEW YORK 14850
(607) 256-0727

5

22. Plaintiffs counsel pointed out that the language in the easement on their property was "over the existing driveway running from the Logan Road to the [Defendant's] land" and that a scaled survey sketch depicted a portion of the driveway on Plaintiffs' property in 1974 as being 8-10 feet wide. Plaintiffs' counsel also pointed out that the Sherman easement was not 27 feet wide, but rather, 27 feet long.

23. Plaintiffs offered that Defendant could use a different path across their property and even offered to fund a portion of the creation of the new easement, but the parties could not come to an agreement on terms that were satisfactory to Plaintiffs.

24. Defendant advised Plaintiffs that it intended to pursue the use of the easement across Plaintiffs' Property for the purpose of logging its property by using large trucks and equipment.

25. Defendant also advised that if Plaintiffs refused entry, Defendant would engage Forest Service law enforcement suggesting it would use force to exercise its alleged rights across Plaintiffs' Property.

26. Upon information and belief and based upon a scaled survey of the area from the 1970s, the "existing" driveway as referenced in the original easement was approximately 8-10 feet wide at the time the easement was created. A copy of the survey is attached hereto as **Exhibit "C."**

27. The current driveway is approximately 8 feet wide as it crosses Plaintiffs' Property; is not straight and contains curves that a large vehicle would not be able to navigate without trespassing on Plaintiffs' Property outside of the driveway.

28. The driveway is also located near Plaintiffs house and other structures.

SHARON M. SULIMOWICZ
ATTORNEY AT LAW
118 NORTH TIOGA ST.
SUITE 202
ITHACA, NEW YORK 14850
(607) 256-0727

29. Upon information and belief, the easement in question has never been used by large trucks and equipment and is not meant to be used by large equipment.

30. Defendant has another easement by which it can access its property from the roadway that is straight and approximately 25 feet wide and could easily accommodate the necessary trucks and equipment.

31. Upon information and belief, Defendant does not want to use the other easement because allegedly "it would require moving the logs more than ten times farther, up a steep uphill grade, over very wet ground."

32. Upon information and belief, Defendant owns property directly on Logan Road and have researched accessing its property directly from Logan Road approximately 500 feet south of its easement across Plaintiff's property.

33. Upon information and belief, the southerly path is a viable option for the Defendant to adequately log its property.

34. Defendant has stated that it will only consider this option if Plaintiffs agree to pay money, but has failed to explain the purpose of the payment.

## FIRST CAUSE OF ACTION

35. As and for Plaintiffs' First Cause of Action Plaintiffs repeat, reallege and incorporates by reference the allegations contained in Paragraphs 1 through 34 above as if fully set forth herein and further alleges:

36. The size and location of Defendant's easement is limited by its own language and the size of the existing driveway at the time it was created.

SHARON M. SULIMOWICZ
ATTORNEY AT LAW
118 NORTH TIOGA ST.
SUITE 202
ITHACA, NEW YORK 14850
(607) 256-0727

37. Based on the language in the grant and the size of the driveway which, upon information and belief, was 8-10 feet in width, there was never an intention by Defendant's predecessor in title that the easement would be suitable for use by large trucks and equipment for purposes of logging Defendant's Property.

38. Upon information and belief, Defendant will not be able to travel across Plaintiffs' property with large trucks and equipment without trespassing outside of the existing driveway and causing significant damage to Plaintiffs' property.

39. Defendant's easement rights do not include the right to cross Plaintiffs' property with large trucks and equipment outside of the existing driveway.

40. Should the Court permit Defendant to exceed the bounds of its easement rights, Plaintiffs will suffer significant damages.

## SECOND CAUSE OF ACTION

41. As and for Plaintiffs' Second Cause of Action, Plaintiffs reallege and incorporates by reference the allegations contained in Paragraphs 1 through 40 above as if fully set forth herein and further alleges:

42. Plaintiffs request that the Court issue an order declaring that Defendant's easement rights do not include the right to drive or otherwise use large trucks and equipment over Plaintiffs' Property for purposes of logging and that such use exceeds the scope of Defendant's easement rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand a judgment against Defendant as follows:

SHARON M. SULIMOWICZ
ATTORNEY AT LAW
118 NORTH TIOGA ST.
SUITE 202
ITHACA, NEW YORK 14850
(607) 256-0727

A.  An Order that Defendant's easement rights over Plaintiffs' Property does not include the right to drive or otherwise pass over Plaintiffs' property with large trucks and equipment.

B.  That Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be enjoined from exceeding its easement rights and/or trespassing upon Plaintiffs' Property.

C.  In the event, the Court permits Defendant to use large vehicles and equipment over Plaintiffs' property, awarding Plaintiffs damages for the lost value of their property due to the damage caused by Defendant to Plaintiffs' property in excess of its authority.

D.  Awarding Plaintiffs all such other and further relief including exemplary damages, attorney's fees, prejudgment and post judgment interest, and costs as this Court deems just in this action.

Dated: May 5, 2025

THE LAW OFFICE OF
SHARON M. SULIMOWICZ:

By:_____
Sharon M. Sulimowicz, Esq.
Attorney for Plaintiffs
M&T Bank Building/TC3 Tioga Place
118 North Tioga Street, Suite 202
Ithaca, New York 14850
(607) 256-0727
sharon@smsattorneyatlaw.com

SHARON M. SULIMOWICZ
ATTORNEY AT LAW
118 NORTH TIOGA ST.
SUITE 202
ITHACA, NEW YORK 14850
(607) 256-0727

9

# VERIFICATION

STATE OF NEW YORK   }
COUNTY OF TOMPKINS  } ss:

We, **TIFFANY BECHTOLD and DANIEL BECHTOLD**, being duly sworn, depose and say: We are the Plaintiffs in this action; we have read the foregoing Complaint and know the contents thereof; the same is true to our own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters we believe them to be true.

_____
Tiffany Bechtold

Sworn to before me this
5th day of May, 2025.

_____
Notary Public

KATELYN SPRINGER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SP6409536
Qualified in Tompkins County
Commission Expires October 05, 2028

_____
Daniel Bechtold

Sworn to before me this
5th day of May___, 2025.

_____
Notary Public

KATELYN SPRINGER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SP6409536
Qualified in Tompkins County
Commission Expires October 05, 2028

SHARON M. SULIMOWICZ
ATTORNEY AT LAW
118 NORTH TIOGA ST.
SUITE 202
ITHACA, NEW YORK 14850
(607) 256-0727